Chairperson, Hon. Marc G. Buyske, Member, Hon. John W. Whelan and Alt. Member, Hon. Gregory R. Todd.

**STATE OF MONTANA,**
   **Plaintiff,**                                   **No.  CDC-2003-127**
vs.                                                **Decision**
**BRIAN G. WILLIAMSON,**
   **Defendant.**

On January 15, 2004, the defendant was sentenced to the following: Count I: Driving or in Actual Physical Control of a Motor Vehicle While Under the Influence of Alcohol and/or Drugs, a Felony: Thirteen (13) month commitment to the Department of Corrections, for placement at the WATCh Program, followed by a Five (5) year suspended sentence to the Department of Corrections; Count II: Driving While License is Suspended/Revoked, a Misdemeanor: Six (6) month commitment to the Lewis and Clark County Jail; Count III: Driving Without Valid Liability Insurance in Effect, a Misdemeanor: Ten (10) day commitment to the Lewis and Clark County Jail. The sentences are to be served consecutively.

On April 1, 2004, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was not present due to illness and requested that his counsel proceed on his behalf. The defendant was represented by Jon Moog. The state was not represented.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

The Division finds that the reasons advanced for modification are sufficient to hold that the consecutive nature of the sentences imposed by the District Court is clearly excessive, in that the state of Montana refused to immediately return the defendant to the state's jurisdiction. Further, due to the defendant's medical condition, he is unable to take advantage

of the WATCh program, which was the clear intent of the sentencing judge. If the defendant is unable to participate in the WATCh program, it is clear that the sentencing judge had no problem placing him on a suspended sentence.

Therefore, it is the unanimous decision of the Sentence Review Division that the sentences shall be modified to the extent that the sentences shall run concurrently, rather than consecutively.

Done in open Court this 1st day of April, 2004.

DATED this 30th day of April, 2004.

Chairperson, Hon. Marc G. Buyske, Member, Hon. John W. Whelan and Alt. Member, Hon. Gregory R. Todd.